THE TIDRICK LAW FIRM
STEVEN G. TIDRICK, SBN 224760
2039 Shattuck Avenue, Suite 308
Berkeley, California 94704
Telephone: (510) 788-5100
Facsimile: (510) 291-3226
E-mail: sgt@tidricklaw.com

Attorneys for Individual and Representative
Plaintiffs MAURICE JONES and LEONEL R. LEÓN

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE JONES and LEONEL R. LEÓN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO METROPOLITAN TRANSIT SYSTEM; SAN DIEGO TROLLEY, INC.; and DOES 1-50,<br><br>Defendants. | Civil Case Number: **'14CV1778 LAB KSC**<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>(1) **FAIR LABOR STANDARDS ACT;** and<br>(2) **CALIFORNIA LABOR CODE AND/OR CALIFORNIA INDUSTRIAL WELFARE COMMISSION WAGE ORDERS**<br><br>**JURY TRIAL DEMANDED**<br><br>FLSA Wages and Overtime<br>29 U.S.C. §§ 206, 207, 215, 216(b) |

Plaintiffs Maurice Jones and Leonel R. León, on behalf of themselves and all others similarly situated, and all others who consent to become Party Plaintiffs, allege as follows:

## NATURE OF THE CASE

1. Plaintiffs have each been employed as operators by Defendant San Diego Metropolitan Transit System and/or San Diego Trolley, Inc. (collectively hereinafter "Defendant") and seek to represent other current and former bus and/or train operators (collectively hereinafter "Operator" or "Operators") in this collective and class action against Defendant alleging that Defendant has engaged in an unlawful pattern and practice of failing to pay its Operators for all compensable work performed by such employees, including

1

minimum wage and overtime pay, in violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the California Labor Code, and the California Industrial Welfare Commission Order No. 9-2001 (hereinafter "Wage Order No. 9"). These claims are based on non-waivable statutory rights. This lawsuit seeks to enforce non-waivable statutory rights and to recover damages resulting from Defendant's failure to pay its Operators for time that is necessary and integral to these employees' principal duties. Plaintiffs seek declaratory and injunctive relief, compensation for all uncompensated work, liquidated and/or other damages as permitted by applicable law, penalties, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

1. The FLSA authorizes private rights of action to recover damages for violations of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the California state law claims because they are so related to this action that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391 because all of the actions alleged herein occurred within the Southern District of California.

## PARTIES

3. Plaintiffs have each been employed by Defendant as an Operator. They sue on their own behalf, and as class representative on behalf of similarly situated Operators who are or were employed by Defendant within the applicable statute of limitations period. A true and correct copy of executed "Consent to Become Party Plaintiff" documents are attached hereto as **Exhibit A**. Plaintiffs will file additional Consent to Become Party Plaintiff documents executed by similarly situated Operators as they are secured.

4. Defendant San Diego Metropolitan Transit System operates a public transportation system. Its principal place of business is in San Diego, California. It was created by the voters of San Diego County. Defendant is managed by a board of directors comprised of 15 members who meet twice a month. The members of the board of directors

are representatives from San Diego County. Four of the members are selected by the San Diego City Council; nine are appointed from the city councils of Chula Vista, Coronado, El Cajon, Imperial Beach, La Mesa, Lemon Grove, National City, Poway, and Santee; one is appointed from the San Diego County Board of Supervisors; and one San Diego resident is selected by the Board members to serve as chair.[1]

5. Defendant San Diego Metropolitan Transit System uses funds for operations from a countywide tax measure approved by the voters of San Diego County, is part of a self-funded San Diego Transit Pension Plan, can issues bonds, can be sued in its own capacity, take property in its own name, can levy taxes, and is legally obligated to pay money judgments levied against it.

6. Defendant San Diego Trolley, Inc. operates a public transportation system and is a subsidiary corporation of Defendant San Diego Metropolitan Transit System. Its principal place of business is in San Diego, California.

7. Defendant San Diego Trolley, Inc. uses funds for operations from a countywide tax measure approved by the voters of San Diego County, is part of a self-funded San Diego Transit Pension Plan, can issues bonds, can be sued in its own capacity, take property in its own name, can levy taxes, and is legally obligated to pay money judgments levied against it.

8. The true names and capacities, whether individual, corporate, associate or otherwise, of each of the Defendants designated herein as DOES are unknown to Plaintiffs at this time and therefore said Defendants are sued by such fictitious names. Plaintiffs will amend this Complaint to show their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each Defendant designated herein as a DOE defendant is legally responsible in some manner for the events and happenings herein alleged and in such manner proximately caused damages to Plaintiffs as hereinafter further alleged.

9. Plaintiffs are informed and believe and thereon allege that each of the Defendants were acting as the agent, employee, partner, or servant of each of the remaining

---

[1] *See* http://www.sdmts.com, which Plaintiffs hereby incorporate by reference.

Defendants and was acting within the course and scope of that relationship, and gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. In violation of the terms of federal law and California law, Defendant has at all material times failed and refused to pay its Operators for all compensable time, including but not limited to: (1) mandatory meetings, (2) the differential between scheduled run times and actual run times, (3) examination time, (4) document review time, (5) turn-in time, and (6) any applicable overtime due for such compensable time, as alleged more fully below.

11. <u>Meeting Time</u>. Defendant requires Operators to attend mandatory meetings while employed by Defendant, including trainings, safety meetings, and meetings with supervisors to discuss various items related to Defendant's business. The time that Operators spend in connection with such meetings is referred to herein as "Meeting Time."

12. This Meeting Time is caused by Defendant's requirement and is for the convenience and benefit of Defendant only.

13. Despite the requirements of federal law and California law, Defendant has failed to pay Operators for all Meeting Time actually incurred, and has failed and refused to pay Operators for all Meeting Time at one-and-one-half (1.5) times the regular rate of pay (*i.e.*, time-and-a-half) when such time causes total hours worked to exceed forty (40) hours in a week.

14. <u>Routinely Late Time</u>. Defendant commonly schedules "runs" that routinely arrive at their end points after the scheduled arrival time. Defendant has created and maintained confusing, misleading, and time-consuming procedures for Operators to claim wages for the differential between the scheduled run time and the actual run time (a differential referred to herein as "Routinely Late Time"), in order to discourage Operators from claiming wages for such time and allow Defendant to never pay for such unclaimed work time.

15. This Routinely Late Time is caused by Defendant's route and scheduling decisions and is for the convenience and benefit of Defendant only.

16. Despite the requirements of federal law and California law, Defendant has failed and refused to pay Operators for all Routinely Late Time actually incurred, and has failed and refused to pay Operators for all Routinely Late Time at one-and-one-half (1.5) times the regular rate of pay (*i.e.*, time-and-a-half) when such time causes total hours worked to exceed forty (40) hours in a week.

17. <u>Examination Time</u>.  Operators are required to take medical and physical examinations in connection with their employment.  This type of activity is referred to herein as "Examination Time."

18. This Examination Time is caused by Defendant's requirement and is for the convenience and benefit of Defendant only

19. Despite the requirements of federal law and/or California law, Defendant has failed and refused to pay Operators for all Examination Time actually incurred and Defendant has failed and refused to pay Operators for all Examination Time at one-and-one-half (1.5) times their regular rate of pay (time-and-a-half) when such time causes total hours worked to exceed forty (40) hours in a week.

20. <u>Document Review Time</u>.  Defendant requires Operators to review various documents while employed by Defendant.  The time that Operators spend reviewing such documents is referred to herein as "Document Review Time."

21. This Document Review Time is caused by Defendant's requirement and is for the convenience and benefit of Defendant only.

22. Despite the requirements of federal law and/or California law, Defendant has failed and refused to pay Operators for all Document Review Time actually incurred, and has failed and refused to pay Operators for Document Review Time at one-and-one half (1.5) times their regular rate of pay (time-and-a-half) when such time causes total hours worked to exceed forty (40) hours in a week.

23. <u>Turn-in Time</u>. Defendant requires Operators to turn in various documents. This type of activity is referred to herein as "Turn-in Time."

24. This Turn-in Time is caused by Defendant's requirement and is for the

convenience and benefit of Defendant only.

25. Despite the requirements of federal law and/or California law, Defendant has failed and refused to pay Operators for all Turn-in Time actually incurred, and has failed and refused to pay Operators for all Turn-in Time at one-and-one-half (1.5) times the regular rate of pay (*i.e.*, time-and-a-half) when such time causes their total hours worked to exceed forty (40) hours in a week.

26. <u>Time Records</u>. Defendant does not keep accurate records of the actual amount of Operators' above-referenced Meeting Time, Routinely Late Time, Examination Time, Document Review Time, and Turn-in Time, despite the fact that such time is necessary and integral to these employees' principal duties, and is incurred under the control of Defendant and required by Defendant for the benefit and convenience of Defendant, including being required by Defendant's route and scheduling decisions. Defendant's breach of its obligation to keep accurate records of such compensable time has resulted in a lack of accurate records to show exactly how much compensable time Operators have spent in such time. Plaintiffs are unable to state with precision the amount of such time for which Operators are uncompensated, but can reasonably estimate this time based on a review of documents that are in Defendant's sole and exclusive possession. Plaintiffs will establish good faith estimates of the amounts of uncompensated compensable time and damages after completing discovery and analyzing Defendant's evidence.

27. <u>Defendant's willful refusal</u>. Defendant's policies and practices alleged herein were willful and showed reckless disregard for the requirements of the FLSA. Defendant has failed to compensate Plaintiffs and other Operators at the statutory rate of one and one-half times the regular rate of pay for the hours worked in excess of forty hours per week when Defendant knew, or should have known, that such was due. Both before and after September 13, 2010, many Operators, including Plaintiffs, inquired and complained to Defendant's management regarding such failure to comply with the FLSA (*i.e.*, Meeting Time, Routinely Late Time, Examination Time, Document Review Time, and Turn-in Time, and Defendant refused and failed to correct its practices to comply with the FLSA. Moreover, Defendant's

continuous failure, from September 13, 2010 to the present, to keep accurate records of such time worked further shows Defendant's reckless disregard for the requirements of the FLSA. From September 13, 2010 to the present, Defendant has continuously failed to correct the violations described herein. Plaintiffs and the members of the proposed class have been deprived of their legally mandated compensation for compensable time, as alleged herein, due to Defendant's willful refusal to pay Operators for all such compensable time.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

28. Plaintiffs bring the First Cause of Action (for violations of the FLSA) as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) on behalf of themselves and a proposed collection of similarly situated individuals defined as follows, and hereinafter referred to as the "FLSA Collection":

> All individuals who are currently employed, or formerly have been employed, by Defendant(s) as an Operator or in an equivalent position at any time on or after September 13, 2010.

29. Plaintiffs, on behalf of themselves and on behalf of other similarly situated Operators defined above, seek relief on a collective basis challenging Defendant's policy and practice of failing to pay for all hours worked plus applicable overtime and failing to accurately record all hours worked. Named Plaintiffs and the FLSA Collection are similarly situated, have performed substantially similar duties for Defendant, and are uniformly subject to and are currently being subjected to Defendant's uniform, class-wide payroll practices, including the policy of and practice of not compensating Operators for compensable time as described herein. The number and identity of other similarly situated persons yet to opt in and consent to be Party Plaintiffs may be determined from the records of Defendant, and potential opt-ins may be easily and quickly notified of the pendency of this action.

30. The names and addresses of the individuals who comprise the FLSA Collection are available from Defendant. Accordingly, Plaintiffs herein pray for an Order requiring Defendant to provide the names and all available locating information for all members of the FLSA Collection, so notice can be provided regarding the pendency of this action, and of such

individuals' right to opt in to this action as Party Plaintiffs.

31. Plaintiffs bring the Second Cause of Action as an "opt-out" class action, on behalf of themselves and a proposed collection of similarly situated individuals defined initially as follows, and hereinafter referred to as the "California Class":

> All individuals who are currently employed, or formerly have been employed, by Defendant(s) as an Operator or in an equivalent position at any time on or after September 13, 2010.

Excluded from the class is anyone employed by counsel for Plaintiffs in this action, and any Judge to whom this action is assigned and his or her immediate family members.

32. <u>Numerosity</u>. Defendant has employed hundreds of individuals as Operators during the relevant time periods.

33. <u>Existence and Predominance of Common Questions</u>. Common questions of law and/or fact exist as to the members of the proposed classes and, in addition, common questions of law and/or fact predominate over questions affecting only individual members of the proposed classes. The common questions include the following:

   a. Whether Defendant's policy and practice of not compensating its Operators for all working time, including but not limited to Turn-in Time, Meeting Time, Routinely Late Time, Document Review Time, and Examination Time violates federal law and California law;

   b. Whether the class members are entitled to unpaid wages and other relief;

   c. Whether Defendant's affirmative defenses, if any, raise common issues of fact or law as to Plaintiffs and the class members; and

   d. Whether Plaintiffs and the proposed classes are entitled to damages and equitable relief, including, but not limited to, a preliminary and/or permanent injunction, and if so, the proper measure and formulation of such relief.

34. <u>Typicality</u>. Plaintiffs' claims are typical of the claims of the proposed classes. Defendant's common course of conduct in violation of law as alleged herein has caused

Plaintiffs and the proposed classes to sustain the same or similar injuries and damages. Plaintiffs' claims are therefore representative of and co-extensive with the claims of the proposed classes.

35. <u>Adequacy</u>.  Plaintiffs are adequate representatives of the proposed classes because their interests do not conflict with the interests of the members of the classes they seek to represent.  Plaintiffs have retained counsel competent and experienced in class action litigation, and Plaintiffs intends to prosecute this action vigorously.  Plaintiffs and their counsel will fairly and adequately protect the interests of members of the proposed classes.

36. <u>Superiority</u>.  The class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each member of the proposed classes, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

37. In the alternative, the proposed classes may be certified because:
   a. the prosecution of separate actions by the individual members of the proposed classes would create a risk of inconsistent or varying adjudication with respect to individual members of the proposed classes that would establish incompatible standards of conduct for Defendant; and Defendant has acted and/or refused to act on grounds generally applicable to the proposed classes, thereby making appropriate final and injunctive relief with respect to members of the proposed classes as a whole.

## FIRST CAUSE OF ACTION

**Violations of the Fair Labor Standards Act**

**(By the FLSA Collection)**

38. Plaintiffs incorporate by reference all paragraphs above as if fully set forth

herein.

39. At all material times, Plaintiffs and all similarly situated Operators who submit Consents to Become Party Plaintiffs are or were employed by and engaged in providing services necessary to the transport of passengers by Defendant, and have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq*.

40. The FLSA requires, among other things, that employers pay employees the minimum wage for all time worked plus overtime. 29 U.S.C. §§ 206, 207, 215.

41. At all material times, Turn-In Time, Meeting Time, Document Review Time, Routinely Late Time, and Examination Time, as described above, is necessarily and directly related to the principal activities of the Operators' duties, and thus constitutes compensable time under the FLSA and is subject to the FLSA's overtime requirements.

42. At all material times, Defendant has violated the FLSA by failing to pay Operators for all compensable work time, including but not limited to Meeting Time, Routinely Late Time, Examination Time, Document Review Time, and Turn-in Time, plus applicable overtime.

43. At all material times, Defendant has violated the FLSA by failing to pay Operators at one-and-one-half (1.5) times the regular rate of pay when Meeting Time, Routinely Late Time, Examination Time, Document Review Time, and Turn-in Time causes an Operator's total hours worked to exceed forty (40) hours in a week.

44. Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by their Operators. 29 U.S.C. § 211(c).

45. Plaintiffs and all similarly situated employees are victims of a uniform and entity-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all Operators employed by Defendant.

46. Plaintiffs and all similarly situated individuals are entitled to damages equal to the mandated pay and overtime premium pay within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

47. Defendant has acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA.  Plaintiffs and other similarly situated individuals are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid compensation, including overtime pay, and/or prejudgment interest at the applicable rate.  29 U.S.C. § 216(b).

48. As a result of violations of the FLSA's minimum wage and overtime pay provisions, Defendant has unlawfully withheld compensation from Plaintiffs and all similarly situated individuals.  Defendant is liable for unpaid compensation, together with an amount equal as liquidated damages, attorneys' fees and costs of this action.  29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

**Failure to Pay All Straight Time Hours Worked in Violation of Wage Order No. 9 and/or California Labor Code § 1194**

**(By the California Class)**

49. Plaintiffs incorporate by reference the above listed paragraphs as if fully set forth herein.

50. Plaintiffs and the proposed California Class have been required by Defendant to work off-the-clock without compensation, in the form of Meeting Time, Routinely Late Time, Examination Time, Document Review Time, and Turn-in Time, as described above, which is compensable work time, and Defendant is required by law to pay Operators for this time.  By failing to compensate Operators for all hours worked, Defendant has violated Wage Order No. 9 and/or California Labor Code § 1194.

51. Pursuant to the Wage Order No. 9 and/or California Labor Code §§ 1194 and 1198, Plaintiffs and the proposed California Class are entitled to recover in a civil action the unpaid balance of the full amount of straight time owed to them, including interest thereon, plus reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

a) For an order certifying that the First Cause of Action of this Complaint may be

maintained as a collective action pursuant to 29 U.S.C. § 216(b) and requiring that Defendant identify all members of the FLSA Collection and to provide all locating information for members of the FLSA Collection, and to provide notice to all members of the FLSA Collection apprising them of the pendency of this action and their opportunity to file Consents to Become Party Plaintiff thereto;

b) For an order certifying that the Second Cause of Action of this Complaint may be maintained as a class action on behalf of a class as defined herein and that notice of the pendency of this action be provided to members of the California Class;

c) For an order designating Plaintiffs as class representatives for both the FLSA and California state law claims and Plaintiffs' attorneys as counsel for both the FLSA Collection and the proposed classes;

d) For an order awarding Plaintiffs, the FLSA Collection, and the California Class compensatory damages and statutory damages (including liquidated damages on the FLSA claim), including unpaid wages, overtime compensation, and all other sums of money owed, together with interest on these amounts;

e) For preliminary, permanent, and mandatory injunctive relief prohibiting Defendant, its officers, and agents, from committing the violations of law herein alleged in the future;

f) For a declaratory judgment that Defendant has violated the FLSA, California law, and public policy as alleged herein;

g) For all unpaid overtime wages due to Plaintiffs and each Class member;

h) For pre- and post-judgment interest;

i) For an award of any penalties that may be applied pursuant to Wage Order No. 9 and/or the California Labor Code as well as reasonable attorneys' fees as provided by the FLSA, California Labor Code § 1194; California Code of Civil Procedure § 1021.5; and/or other applicable law;

j) For all costs of suit; and

k) For such other and further relief as the Court deems just and proper.

DATED: July 29, 2014                Respectfully submitted,

THE TIDRICK LAW FIRM

By: _____
STEVEN G. TIDRICK, SBN 224760

THE TIDRICK LAW FIRM
2039 Shattuck Avenue, Suite 308
Berkeley, California  94704
Telephone:  (510) 788-5100
Facsimile:   (510) 291-3226
E-mail:        sgt@tidricklaw.com

Attorneys for Individual and Representative Plaintiffs MAURICE JONES and LEONEL R. LEÓN

# **JURY DEMAND**

Plaintiffs in the above-referenced action, on their own behalf and on behalf of all persons they seeks to represent, hereby demands a trial by jury on all counts.

DATED: July 29, 2014                    Respectfully submitted,

THE TIDRICK LAW FIRM

By: _____
STEVEN G. TIDRICK, SBN 224760

THE TIDRICK LAW FIRM
2039 Shattuck Avenue, Suite 308
Berkeley, California  94704
Telephone:  (510) 788-5100
Facsimile:   (510) 291-3226
E-mail:         sgt@tidricklaw.com

Attorneys for Individual and Representative Plaintiffs MAURICE JONES and
LEONEL R. LEÓN

COLLECTIVE AND CLASS ACTION COMPLAINT