# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE JONES and LEONEL R. LEON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>SAN DIEGO METROPOLITAN TRANSIT SYSTEM; SAN DIEGO TROLLEY, INC.; and DOES 1–50,<br><br>Defendants. | CASE NO. 14cv1778-LAB (KSC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

Maurice Jones and Leonel R. León filed this putative class action against San Diego Metropolitan Transit System and San Diego Trolley, Inc.—both public entities—alleging violations of the Fair Labor Standards Act (FLSA) and California labor laws. Defendants now move to dismiss these claims.

**I.    Discussion**

   **A.    Legal Standards**

A 12(b)(6) motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The Court must accept all factual allegations as true and construe them in the light most favorable to Plaintiffs. *Cedars Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). To defeat Defendants' motion to dismiss, Plaintiffs' factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### B. Analysis

Defendants argue that Plaintiffs' claims must be dismissed since: (1) Plaintiffs fail to allege compliance with the California Government Claims Act (CGCA); (2) the lawsuit is barred by res judicata and collateral estoppel; and (3) the collective bargaining agreement requires arbitration.

#### 1. CGCA Compliance

Under the CGCA, before suing a public entity for money or damages, a plaintiff must first file a claim with the public entity. *See State of CA v. Super. Ct. (Bodde)*, 32 Cal. 4th 1234, 1240–44 (2004). A plaintiff's complaint "must allege facts demonstrating or excusing compliance with the claim presentation requirement." *Id.* at 1243.

While Plaintiffs don't dispute that Defendants are public entities, their complaint doesn't allege CGCA compliance. Instead, they allege compliance for the first time in their opposition to Defendants' motion to dismiss. But on a 12(b)(6) motion, the scope of review is generally limited to the contents of the complaint. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (internal quotation marks omitted). Because the complaint doesn't allege CGCA compliance, Plaintiffs failed to allege a legally sufficient claim. But since Plaintiffs may be able to allege compliance, the Court dismisses the complaint with leave to amend. *See, e.g.*, *Randolph v. City of E. Palo Alto*, 2007 WL 1232057, at *2 (N.D. Cal. Apr. 26, 2007).

#### 2. Res Judicata and Collateral Estoppel

Defendants seek dismissal on res judicata and collateral estoppel grounds based on an earlier state court action. But these defenses may not be raised in a motion to dismiss unless they raise no disputed issues of fact. *See, e.g., Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). It's not clear whether Plaintiffs were parties to that action, and Plaintiffs contend they weren't. Since privity is a necessary element for both res judicata and collateral estoppel to apply, *see Allen v. McCurry*, 449 U.S. 90, 94 (1980), and the factual record

before the Court on this motion is disputed, the Court denies Defendants' motion to dismiss on res judicata and collateral estoppel grounds.

### 3.     Arbitration

Defendants argue that Plaintiffs have failed to exhaust grievance procedures, which require arbitration of any claims arising under their collective bargaining agreements (CBAs). But a CBA waives the right of a union member to pursue employment-related statutory claims in court only when the waiver is "clear and unmistakable." *Wright v. Universal Martime Serv. Corp.*, 525 U.S. 70, 75, 80 (1998) (holding that arbitration clause which provided for arbitration of "[m]atters under dispute," was not sufficiently clear to waive a union member's right to file a claim under the ADA in a federal district court). Here, the CBAs are "very general" and contain "no explicit incorporation" of statutory claims. *Id.* at 80. Plaintiffs therefore need not arbitrate their statutory claims.

## II.   Conclusion

The motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. This action is **DISMISSED WITH LEAVE TO AMEND**. Any amended complaint alleging compliance with the CGCA must be filed within **TWO WEEKS OF THE DATE OF THIS ORDER**.

**IT IS SO ORDERED**.

DATED: August 12, 2015

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge