UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE JONES AND LEONEL R. LEON,<br><br>    Plaintiffs,<br><br>  vs.<br><br>SAN DIEGO METROPOLITAN TRANSIT SYSTEM, *et al.*,<br><br>    Defendants. | CASE NO. 14-CV-1778-LAB-KSC<br><br>**ORDER GRANTING PARTIAL SUMMARY JUDGMENT** |

Maurice Jones and Leonel R. León filed this putative collective and class action against San Diego Metropolitan Transit System ("MTS") and San Diego Trolley, Inc. ("SDTI"), alleging violations of the Fair Labor Standards Act ("FLSA") and California labor laws. Defendants move for summary judgment on res judicata grounds.

**I.    Factual Background**

MTS is a public agency that the California legislature created to oversee public transportation in San Diego County. Cal. Pub. Util. Code § 120050(a) and (b). It has two wholly-owned subsidiaries: San Diego Transit Corporation ("SDTC"), which provides public transportation through bus operations, and SDTI, which provides light-rail passenger transit service. (Docket no. 23 at ¶ 1.) MTS previously employed both named plaintiffs: León was a train operator for SDTI until his termination on November 19, 2013; Jones was a bus operator for SDTC until his termination on March 7, 2014. (*Id*. at ¶¶ 2 and 3.)

On September 13, 2013, on behalf of SDTC bus operator John Wilson, Plaintiffs' counsel filed a class action complaint in San Diego County Superior Court against MTS ("*Wilson*"). (*Id*. at ¶ 4.) Wilson alleged violations of the FLSA and the California Labor Code, claiming that MTS was not, but should have been, paying its operators for "routinely late time," "medical examination time," and "meeting time." (*Id*. at ¶ 6.) SDTC and SDTI were not named defendants. (*Id*. at ¶ 5.) MTS filed a demurrer arguing, among other things, that Wilson's FLSA claim was barred by state sovereign immunity and the Eleventh Amendment. (Docket no. 20 at 4.) The Superior Court did not certify the class. (Docket no. 24 at 4.)

While MTS's demurrer was pending, León signed a "Consent to Become Party Plaintiff" and filed it in *Wilson*. (Docket no. 23 at ¶ 7.) It stated, "I hereby consent to be a party plaintiff in [this] action." (*Id*.) Jones signed an identical consent form, but did not file it. (*Id* at ¶ 8.) On May 23, 2014, the Superior Court sustained MTS's demurrer without leave to amend. (*Id*. at ¶ 9.) The court entered judgment on July 11, and the plaintiffs did not file an appeal. (*Id*.)

On July 29, Plaintiffs filed this lawsuit. (*Id*. at ¶ 10.) They allege violations of the FLSA and the California Labor Code on the grounds that MTS and its operating entities were not (but should have been) paying their operators for "routinely late time," medical and physical "examination time," "meeting time," "document review time," and document "turn-in time." (*Id*.) This Court previously denied Defendants' motion to dismiss on res judicata and collateral estoppel grounds, finding an issue of fact as to whether Plaintiffs were parties or privies of parties in *Wilson*. (Docket no. 11 at 2.)

## II.    Legal Standard

Summary judgment is appropriate where the evidence shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All reasonable

inferences from the evidence are drawn in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

If the moving party meets its burden, the burden shifts to the nonmoving party opposing the motion, who must "set forth specific facts showing that there is a genuine issue for trial." *Id*. at 256. Summary judgment is warranted if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. A genuine issue of fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. A fact is material if it "might affect the outcome of the suit under the governing law." *Id*.

### III. Discussion

#### A. Res Judicata Standard

Under the doctrine of res judicata, a final judgment on the merits precludes the parties or their privies from re-litigating issues that were or could have been raised in the first action. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).

Res judicata applies when: (1) the claim raised in the present action is identical to a claim litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party to be precluded was a party, or in privity with a party, to the first lawsuit. *San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009). A federal court must give a state-court judgment the same preclusive effect as would be given under the law of the State in which the judgment was rendered. *See Takahashi v. Bd. of Trustees of Livingston Union Sch. Dist.*, 783 F.2d 848, 850 (9th Cir. 1986)(citing 28 U.S.C. § 1738).

#### B. Whether the Claims are Identical

In determining whether claims are "identical," courts consider: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two

actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 555 (9th Cir. 2003). The fourth factor is most important. *Id*.

### 1. Whether Rights or Interests in Prior Judgement would be Destroyed

By sustaining MTS's demurrer in *Wilson*, the Superior Court found that the plaintiffs had not stated a viable claim against MTS. (Docket no. 23.) Allowing this case to go to trial would invite a potentially conflicting result. *See CollegeSource, Inc. v. AcademyOne, Inc.*, 2015 WL 5638104, at *26 (S.D. Cal. Sept. 24, 2015). The first factor supports Defendants' motion.

### 2. Whether Substantially the Same Evidence is Presented

Plaintiffs seek to establish that Defendants did not adequately compensate them. Wilson sought to establish the same thing. (Docket no. 21, Ex. 8.) The second factor also supports Defendants' motion.

### 3. Whether the Suits Involve Infringement of the Same Right

California courts apply res judicata to bar a later action in which a plaintiff seeks to recover for the same injury alleged in the prior action. *See Eichman v. Fotomat Corp*, 147 Cal. App. 3d 1170, 1174 (1983)("[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.").

There are only three differences between the *Wilson* complaint and the operative complaint in this case: (1) Plaintiffs now make claims for two categories of unpaid time that *Wilson* did not seek: "Document Review Time" and "Turn-In-Time," (Docket no. 21, Ex. 5); (2) Plaintiffs' counsel substituted León and Jones as named plaintiffs and added SDTI as a Defendant, (*Id.*); and (3) Plaintiffs removed Wilson's third cause of action for uncompensated rest breaks from their complaint, but retained the others. (*Id.*)

As in *Wilson*, the primary right at stake here is Plaintiffs' right to be compensated for time they spent working. Plaintiffs' addition of other activities that they allege they should

have been, but were not, compensated for does not change the nature of the case. *See Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 798 (2010)("When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right."). Plaintiffs can't jettison the res judicata bar merely by pleading new legal theories. *McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986). This also favors Defendants.

### 4. Whether the Suits Arise out of the Same Transactional Nucleus of Fact

Newly articulated claims based on the same nucleus of facts may be subject to res judicata if the claims could have been brought in the earlier action. *Tahoe-Sierra*, 322 F.3d at 1078. Two suits arise out of the same nucleus of facts when both cases have related facts, and they can be conveniently tried together. *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012).

This action and *Wilson* both arose from the nonpayment of wages by the same employer. *See Chao v. A-One Medical Services, Inc.*, 346 F.3d 908, 921 (9th Cir. 2003). Nothing suggests that the compensation policies changed after *Wilson*. This factor favors Defendants.

### C. Whether the Prior Proceeding Resulted in a Judgment on the Merits

"In California, a judgment entered after the sustaining of a general demurrer is a judgment on the merits, and, to the extent that it adjudicates that the facts alleged do not establish a cause of action, it will bar a second action on the same facts." *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993).

In *Wilson*, the Superior Court sustained MTS's demurrer primarily because the plaintiffs did not submit a claim to MTS before filing the suit, and thus did not comply with the Government Claims Act. (Docket no. 21, Ex. 17.) "The dismissal of an action on the ground of failure to exhaust administrative remedies is not on the merits." *Heath v. Cleary*, 708 F.2d 1376, 1380 n.4 (9th Cir. 1983).

In contrast, a court's dismissal on Eleventh Amendment grounds does constitute a final judgment on the merits. *See Warwick Corp. v. Maryland Dep't of Transp.*, 573 F.Supp.

1011, 1014 (D. Md. 1983)("[A] judgment granting dismissal on the grounds of sovereign immunity is a final judgment on the merits, commanding *res judicata* effect."); *see also Lommen v. City of E. Grand Forks*, 97 F.3d 272, 275 (8th Cir. 1996).

In dismissing *Wilson*, the Superior Court found that the Eleventh Amendment barred the plaintiffs' FLSA claim. (Docket no. 21, Ex. 17.) This is a judgment on the merits.

### D. Whether the Parties were in Privity

#### 1. Whether SDTI was in Privity with MTS

Privity exists when there is a "substantial identity" between parties, meaning there is sufficient commonality of interest. *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983).

The parent-subsidiary relationship between MTS and SDTI creates privity and supports preclusion. *See, e.g.*, *Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 728 (9th Cir. 1991)(holding that "wholly-owned subsidiary and partnership in which the subsidiary is the general partner may invoke the two dismissals of the subsidiary's parent and claim res judicata"). This conclusion is bolstered by the fact that MTS is a "joint employer" of SDTC and SDTI's employees. *See* Cal. PUC § 120508(a).

#### 2. Whether León was in Privity with Wilson

An employee becomes a party plaintiff in an FLSA suit when he consents in writing and the consent is filed in the court in which the suit is brought. *See* 29 U.S.C. §§ 216(b) and 256. A plaintiff who validly consents is bound by the court's judgment. *See id.*; *Ferrell v. ConocoPhillips Pipe Line Co.*, 2010 WL 1946896, at *3 (C.D. Cal. May 12, 2010). This also applies to collective actions. *See Ambrosia v. Cogent Commc'ns, Inc.*, 2014 WL 4744409, at *2 (N.D. Cal. Sept. 22, 2014).

It is undisputed that León both signed and filed his consent to join *Wilson* before that case was dismissed. (Docket no. 23 at ¶ 7.) León was therefore legally a party in *Wilson*, and was in privity with those plaintiffs. He is precluded from bringing this suit.

#### 3. Whether Jones was in Privity with Wilson

Unlike León, Jones was not a party in *Wilson* because he did not consent. (Docket no. 23 at ¶ 8.) Defendants argue that *Wilson* binds Jones because he was adequately

represented by a party with the same interests. (Docket no. 20 at 11(citing *Taylor v. Sturgell*, 553 U.S. 880, 894-95 (2008)).) This may justify preclusion, s*ee Taylor*, 553 U.S. at 894, but only if the class is certified and identified. *See Smith v. Bayer Corp.*, 564 U.S. 299, 315 (2011). Because the *Wilson* class was not certified (Docket no. 24 at 10), the dismissal had no binding effect on nonparties. *Id*. Nor was Jones in privity with the *Wilson* plaintiffs, so the doctrine of res judicata doesn't block his suit.

## IV.     Prospective Relief

Jones' claims begin May 27, 2013 and continue onwards, even though MTS terminated him on March 7, 2014. (Docket no. 23 at ¶ 2.) He seeks declaratory and injunctive relief, including prospective relief for a period postdating his termination. *See Hynix Semiconductor Inc. v. Rambus Inc.*, 609 F. Supp. 2d 951, 968 (N.D. Cal. 2009)(finding that injunctive relief is prospective); *Baldwin v. Marina City Properties, Inc.*, 79 Cal. App. 3d 393, 407 (Ct. App. 1978)(finding that declaratory relief is prospective). The latter form of relief is not allowed. *See Slayman v. FedEx Ground Package Sys., Inc.*, 765 F.3d 1033, 1048 (9th Cir. 2014)("When [plaintiff] stopped driving for FedEx, his claims for *prospective* relief became moot because he could no longer benefit from such relief." (emphasis added)). The Court **GRANTS** Defendants' motion for summary judgment as to Plaintiffs' claims for declaratory and injunctive relief.

## V.     SDTI

"If none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003). There is presently no named plaintiff who worked for SDTI. The Court therefore **GRANTS** summary judgment as to SDTI.

## VI.     Class Substitution

Plaintiffs seek to appoint a new class representative. (Docket no. 24 at 15.)

Ordinarily, substitution of class representatives is permitted only *after* a class has already been certified. *Skilstaf, Inc. v. CVS Caremark Corp.*, 2010 WL 199717, at \*6 (N.D.

Cal. Jan. 13, 2010), *aff'd* 669 F.3d 1005 (9th Cir. 2012). This is because "once certified, a class acquires a legal status separate from that of the named plaintiffs," such that a named plaintiff's loss of standing does "not necessarily call for the simultaneous dismissal of the class action, if members of that class might still have live claims." *Birmingham Steel Corp. v. Tennessee Valley Authority*, 353 F.3d 1331, 1336 (11th Cir. 2003). However, "[that] line of reasoning is inapposite here, where no class has yet been certified." *Velazquez v. GMAC Mortg. Corp.*, 2009 WL 2959838, at *3 (C.D.Cal., Sept. 10, 2009). The same result follows when a plaintiff's claims become moot. *See Kremens v. Bartley*, 431 U.S. 119, 132–33 (1977)("[I]t is only a properly certified class that may succeed to the adversary position of a named representative whose claim becomes moot.").

Some cases from other circuits would allow pre-certification substitution in some circumstances. *See Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006). However, given the late stage of this request—nearly two years into this case and after the close of discovery—the Court finds that it would unduly prejudice Defendants to permit substitution here. *See In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 438 (8th Cir. 1999)("Granting [a motion to add class plaintiffs] would have required reopening class discovery and further delay, precisely the sort of prejudice that justifies denial of a motion to amend under Rule 15(a)."); *Osakan v. Apple American Group*, 2010 WL 1838701, at *3, *5 (N.D. Cal. 2010).

Plaintiffs request to substitute is **DENIED**.

**VII. Conclusion**

The Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion for summary judgment. León is dismissed from this suit and Jones' claims for injunctive and declaratory relief are **DISMISSED**. Jones may proceed on his remaining claims. Plaintiffs may not substitute a new class representative.

**IT IS SO ORDERED**.

DATED: July 22, 2016

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge