FILED

17 NOV 29 PM 4: 11

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE JONES and LEONEL R. LEÓN, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>SAN DIEGO METROPOLITAN TRANSIT SYSTEM; SAN DIEGO TROLLEY, INC.; and DOES 1-50,<br><br>                    Defendants. | Case No.: 3:14-cv-01778-KSC<br><br>**ORDER GRANTING (1) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND (2) PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS** |

     Presently before the Court is plaintiffs' unopposed Motion for Final Approval of Class Action Settlement  [Doc. No. 62] and plaintiffs' unopposed Motion for Attorneys' Fees and Service Awards. [Doc. No. 61]. The matter came on for a hearing on November 1, 2017. Having considered the Motions and the law, the Court GRANTS the Motion for Final Approval of Class Action Settlement and the Motion for Attorneys' Fees and Service Awards.

## BACKGROUND

     On July 29, 2014, plaintiffs Maurice Jones and Leonel R. León (collectively, "plaintiffs") filed a class action complaint ("Action") asserting claims under the Fair Labor

Standards Act ("FLSA"), the California Labor Code, and the California Industrial Welfare Commission Order No. 9-2001. [Doc. No. 1]. Specifically, plaintiffs allege San Diego Metropolitan Transit System, San Diego Trolley, Inc., and San Diego Transit Corporation (collectively, "defendants") engaged in an unlawful pattern and practice of failing to pay its operators for all compensable work performed by such employees, including minimum wage and overtime pay. [*Id*].

On December 12, 2014, defendants filed a Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. No. 4]. On August 13, 2015, the Court granted in part and denied in part defendants' Motion to Dismiss, requiring that an amended complaint be filed in compliance with the California Government Claims Act ("CGCA"). [Doc. No. 11]. Plaintiffs filed the First Amended Complaint on August 26, 2015, alleging compliance with CGCA and added claims under FLSA, the California Labor Code, and Wage Order No. 9. [Doc. No. 12]. Thereafter, the parties engaged in written discovery and depositions over a period of several months.

On March 2, 2016, defendants filed a Motion for Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. [Doc. No. 20]. The Court granted the Motion in part and denied it in part on July 22, 2016. The Court dismissed San Diego Trolley, Inc. ("SDTI") from the action, dismissed León from the suit under the doctrine of *res judicata*, and dismissed Jones' claims for injunctive and declaratory relief. [Doc. No. 32]. Plaintiffs and defendants appealed the Court's Order on August 20, 2016, and August 29, 2016, respectively. [Doc. Nos. 33, 37].

On March 14, 2017, plaintiffs filed a Notice of Class Action Settlement and a proposed Class Action Settlement Agreement (hereinafter "Settlement Agreement"). [Doc. No. 51]. On March 17, 2017, this case was referred to the undersigned Magistrate Judge to conduct all proceedings and order entry of final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. [Doc. No. 52]. On June 27, 2017, following a preliminary hearing, this Court issued an Order Granting plaintiffs' Motion for Preliminary Approval of Class Action. [Doc. No. 60]. Plaintiffs filed the instant Motion for Final Approval and

1   Attorneys' Fees and Service Awards on September 11, 2017. [Doc. No. 61-1]. On October
2   18, 2017, defendants filed non-oppositions to both of plaintiffs' motions. [Doc. Nos. 64,
3   65]. The Court held a final approval hearing on November 1, 2017.

## I. DEFINITION OF THE CLASS MEMBERS IN THE PROPOSED SETTLEMENT AGREEMENT

The proposed settlement class ("Class") is defined as:

(1) all individuals who are or have been employed by SDTC as bus operators at any time during the Settlement Period; (2) claimants listed on the Agency Claim Form dated May 27, 2014 attached as Exhibit B to the First Amended Complaint filed in the Action; (3) claimants listed on the Agency Claim Form sent by the Tidrick Law Firm to the Metropolitan Transit System dated July 23, 2014; and/or (4) individuals for whom Consents to Become Party Plaintiffs were filed with the court on September 18, 2015 and/or on December 14, 2016.

[Doc. No. 51, at p. 6 (internal citation omitted)]. There are an estimated 863 people in the Class. [Doc. No. 53-1, at p. 10].

## II. SETTLEMENT SUMMARY

Defendants are to pay $125,000 (the "Gross Settlement Fund") to resolve the Action on a class-wide basis. This fund will cover the settlement allocations to all Class Members, plaintiffs' attorneys' fees and costs, all applicable employee and employer payroll taxes, the total amount of service payments to plaintiffs, and all settlement administration expenses. [Doc. No. 51, at p. 7].

## III. PLAN OF ALLOCATION

### A. Gross Settlement Amount and Funding of Settlement

The Gross Settlement Fund amount is inclusive of: (1) $71,780 to be distributed as settlement payments to Class Members, pursuant to the allocation formula set out in the Settlement Agreement; (2) a class counsel award to plaintiffs' attorney in the amount of $31,250; (3) enhancement payments of $4,000 each to lead plaintiffs Jones and León; and, (4) settlement administration costs of $11,888 to Simpluris, Inc. [Doc. No. 67, p. 1].

3

1    Defendants will not be required to fund the Gross Settlement Fund until all appeals
2  have been resolved and the judgment is no longer subject to appeal. Defendants will pay
3  the Settlement Administrator the Gross Settlement Fund within ten (10) calendar days after
4  the Final Judgment becomes final. The Settlement Administrator shall distribute the entire
5  Gross Settlement Fund within fifteen (15) calendar days after the Final Judgment becomes
6  final. [Doc. No. 51, p. 15].

### B. Allocation and Distribution of Net Settlement to Class

8        The parties estimate the Class Members will receive $10.00 and a *pro rata* share of
9  the remainder of the Gross Settlement based on each Class Member's total hours worked
10 during the Settlement Period, as a percentage of the total hours worked by all Class
11 Members during the Settlement Period. [Doc. No. 51, p. 9].

12        One of the 863 putative class members, Lakisha Egypt, submitted a request for
13 exclusion from the Action. At the final fairness hearing on November 1, 2017, the Court
14 found Ms. Egypt's request for exclusion to be invalid based on a failure to follow detailed
15 instructions set forth in Notice provided to all Class Members regarding proper procedure.
16 Accordingly, Ms. Egypt will be included as a Class Member in this Settlement Agreement.

### C. Attorneys' Fees, Service Award, and Settlement Administration Costs

18        Within 30 business days after the final effective date, Simpluris will (1) pay
19 plaintiffs' counsel an award of $31,250 to cover fees and costs; (2) pay lead plaintiffs Jones
20 and León $4,000 as an incentive payment; and, (3) receive $11,888 from the Gross
21 Settlement to pay for settlement administration costs.

## IV. CLASS CERTIFICATION AND SETTLEMENT APPROVAL

### A. Class Certification

24        The Ninth Circuit has espoused a strong policy in favor of class action settlements.
25 *Class Plaintiffs v. City of Seattle*, 955 F. 2d 1268, 1276 (9th Cir. 1992). But when a
26 purported class action settles before class certification, "courts must peruse the proposed
27 compromise to ratify both the propriety of the certification and the fairness of the
28 settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).

4

1          This Court preliminary certified the proposed class in its Order Granting Preliminary
2    Approval on June 27, 2017. [Doc No. 60, p. 6-8]. In doing so, it concluded the class
3    satisfied the numerosity, commonality, typicality, and representation requirements of Fed.
4    R. Civ. P. 23(a). The Court also found the proposed class met the Rule 23(b) requirements
5    on predominance of common questions of law or fact, and superiority of the class action
6    method. [*Id.* at p. 8-10]. Having reviewed those elements again, and with no facts surfacing
7    that would cause this Court to alter its prior determination, the Court adopts its prior
8    analysis regarding satisfaction of Fed. R. Civ. P. 23(a)-(b). Accordingly, the Court finds
9    class certification appropriate.

10   **B. Notice to Class**

11         In addition to satisfying Rule 23(a) and (b), the Court must determine that the class
12   received adequate notice. *Hanlon v. Chrysler*, 150 F.3d 1011, 1025 (9th Cir. 1998). Here,
13   the Court previously approved the Class's proposed notice and procedures, making
14   numerous findings regarding the adequacy of the notice and plan. [Doc No. 60, pp. 16-17].
15   Specifically, on June 28, 2017, Simpluris received the Court-approved text for the Class
16   Notice from plaintiffs' counsel. The Class Notice advised Class Members of their options,
17   deadlines, and other pertinent information regarding the Action. On August 11, 2017, after
18   obtaining and updating the mailing list of Class Members, Simpluris sent Notice Packets
19   to the 862 Class Members. [Doc. No. 62-2, pp. 2-3].

20         The Court affirms its prior findings and concludes that the notice provided was
21   practicable under the circumstances and met the requirements of Due Process and Rule 23
22   of the Federal Rules of Civil Procedure. *See Silber v. Mabon*, 18 F.3d 1449, 1453-54 (9th
23   Cir. 1994).

24   **C. Fairness of the Settlement**

25         Fed. R. Civ. P. 23(e)(2) requires that a district court approve the proposed settlement
26   agreement only after a fairness hearing and on a finding that the proposed agreement is
27   "fair, reasonable, and adequate." A proposed settlement agreement must be examined as a
28   whole, including any attorneys' fees and awards included in the proposed settlement

5

1  agreement. *Staton*, 327 F.3d at 963. The proposed settlement agreement must "stand or fall

2  in its entirety," and a district court is forbidden from modifying, substituting, or removing

3  any portion of the agreement. *Hanlon*, 150 F.3d at 1026.

4      A district court must consider several factors when determining whether a settlement

5  agreement is fair, reasonable, and adequate. *Torrisi v. Tucson Elec. Power. Co.*, 8 F.3d

6  1370, 1375 (9th Cir. 1993). These factors include, but are not limited to: (1) the strength

7  of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further

8  litigation; (3) the risk of maintaining class action status throughout trial; (4) the amount

9  offered in the proposed settlement agreement; (5) the extent to which discovery has been

10  completed and the stage of the proceedings; (6) the experience and views of counsel; (7)

11  the presence of government participants; and, (8) the reaction of the class members to the

12  proposed settlement. *Id.*

13      In the Court's Order granting Preliminary Approval of the Class Action, the above-

14  mentioned factors were discussed at length with the exception of "the presence of

15  government participants" because there was no government participation in this case. [Doc.

16  No. 60, at p. 12]. The Court concluded that the Settlement Agreement fell within the range

17  of possible approval based on its fairness, reasonableness, and adequacy. [*Id.* at pp. 12-16].

18  Moreover, defendants have filed Notices of Non-Opposition in response to the Motion for

19  Final Approval of Class Settlement and the Motion for Attorneys' Fees, Costs, and

20  Services. [Doc. Nos. 64-65].[1] The Court affirms and adopts its analysis in its Prior Order

21  [Doc. No. 60, p. 16]. Accordingly, the Court finds Settlement Agreement to be fair,

22  reasonable, and adequate.

23          **V. ATTORNEYS' FEES, COSTS AND SERVICE AWARDS**

24      **A. Method of Recovery**

25      When a class action results in a common fund award, attorneys may recover

26

27

28  [1] Defendants, while not opposing plaintiffs' Motions, did address the issue concerning one Class
Member who submitted a request for exclusion. The Court addressed this matter in §III(B), *supra*.

6

reasonable attorneys' fees from that fund. *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). The fees may be calculated using either (1) a percentage of the common fund; or (2) "the lodestar method, which calculates the fee award by multiplying the number of hours reasonably spent by a reasonable hourly rate and then enhancing that figure, if necessary, to account for the risks associated with the representation." *Paul Johnson, Alton & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). While this Court has discretion to choose a calculation method, the Ninth Circuit "encourage[s] courts to guard against an unreasonable result by cross-checking their calculations against a second method." *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 944 (9th Cir. 2011). The lodestar method is preferred when calculating statutory attorney fees, whereas the percentage-of-recovery approach is preferred when fees will be drawn from a common fund." *In re Bluetooth*, 654 F.3d at 941.

The Ninth Circuit has consistently looked to 25% as the "benchmark" for attorneys' fees in common fund class actions. However, fees can range from 20 to 30 percent of the fund, and still be permissible. *Graulty*, 886 F.2d at 272. Where the percentage is too large or too small, it "should be adjusted, or replaced by a lodestar calculation." *Torrisi*, 8 F.3d at 1376. The lodestar calculation may be adjusted by a positive or negative multiplier, taking into account several factors such as the "quality of the representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *Hanlon*, 150 F.3d at 1029.

The parties agree that 25% of the Gross Settlement is a reasonable percentage for plaintiffs' attorneys' fees. [Doc. No. 67].

When setting a fee award, courts should apply the alternative lodestar method to provide "perspective on the reasonableness of a given percentage award" *Vizcaino*, 290 F.2d at 1050. According to the Ninth Circuit, "[c]alculation of the lodestar, which measures the lawyers' investment of time in litigation, provides a check on the reasonableness of the percentage award." *Id.* It is "common for counsel's lodestar figure to [then] be adjusted upward by some multiplier reflecting a variety of factors such as the effort expended by

7

1    counsel, the complexity of the case, and the risks assumed by counsel." *In Re Heritage*
2    *Bond Litig.*, 2005 U.S. Dist. LEXIS 13555, at *71-72 (C.D. Cal. June 10, 2005). Courts
3    have found that when a requested fee award "results in a so-called negative multipler . . .
4    the percentage of the fund amount is reasonable and fair." *Pierce v. Rosetta Stone, Ltd.*
5    2013 U.S. Dist. LEXIS 138921, at *18, 2013, WL 5402120, at *6 (N.D. Cal. Feb. 6, 2013)
6    (stating that in several cases in which courts awarded 33 and 1/3 percentage of the common
7    fund, the requested fees were "significantly less than the lodestar," citing cases).

8         The Court finds that counsel's hours and hourly rates are reasonable. That the
9    requested fee award resulted in a negative multiplier of 24% supports a finding that the
10   requested fee amount of 25% is reasonable and fair. [Doc. No. 61-1, p. 11].

11   **B. Plaintiffs' Counsel May Recover Fees under the Percentage of the Common**
12         **Fund Method.**

13         Having decided to apply the common fund doctrine, the Court adopts the Ninth
14   Circuit's 25% as the Gross Settlement benchmark rate as its starting point. The proposed
15   percentage "must be supported by findings that take into account all of the circumstances
16   of the case," *Vizcaino*, 290 F.2d at 1048, and a court must therefore also consider a handful
17   of relevant factors when considering the reasonableness of plaintiff's request, including:
18   (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of
19   work; (4) the contingent nature of the fee and the financial burden carried; and (5) awards
20   in similar cases. *Id.* at 1048-1050.

21         Upon applying the reasonableness factors to the instant case, the Court finds that
22   plaintiffs' fee request of $31,250 is reasonable. First, plaintiffs' counsel secured positive
23   results for the class by successfully settling the case and obtaining a cash settlement to
24   benefit the Class Members. Further, only one Class Member sought to opt out of the
25   Settlement, indicating that the Class Members found the result favorable.

26         Second, plaintiffs would have faced significant risks in litigation. Plaintiffs faced an
27   uncertain outcome regarding class certification and the merits. Plaintiffs' counsel also note
28   a previous case against San Diego Metropolitan Transit System which resulted in favor of

8

1 the defendants, [Doc. No. 61-1, p. 5] increasing the risk of meaningful recovery for the
2 Class in this action.

3      Third, plaintiffs' attorneys have presented high quality work product. All briefing
4 submitted to the Court was thorough and well-researched. Moreover, counsel's law firm
5 regularly engages in complex litigation and has significant experience in wage and hour
6 class action lawsuits similar in size, scope, and complexity to this action. [Doc. No. 61-2,
7 p. 1].

8      Fourth, plaintiffs' counsel took this case on a contingency fee basis, thus assuming
9 the accompanying burdens and risk. Counsel has yet to receive any fees since filing in
10 2014. Additionally, counsel has advanced all costs. [Doc. 61-1, p. 6]. In this Court's Prior
11 Order [Doc. No. 60, p.15], and again at the final fairness hearing on November 1, 2017,
12 this Court considered these factors and determined the fee requested was reasonable.

13      Finally, Ninth Circuit case law indicates that the award plaintiffs seek is reasonable.
14 This Court found in its prior Order that "District Courts in California have found similar
15 percentages to be reasonable for settlement purposes" and cited corresponding cases. [*Id.*
16 at p. 13]. Notably the fee awawrd discussed in this Court's prior Order was greater than
17 the final fee award requested here. [*Id.*].

18 **C. Payment to the Settlement Administrator**

19      The Court approves payment to Class Settlement Administrator, Simpluris, Inc., in
20 the amount of $11,888 for its services. This amount is less than the previously estimated
21 $12,000, which the Court approved in its prior Order. [*Id.* at p. 4 n.1].

22 **D. Enhancement Payments**

23      The Settlement Agreement authorized the Court to award enhancement payments
24 to plaintiffs, Maurice Jones and Leonel R. León, in the amount of $4,000 each "for their
25 work and effort in prosecuting the case, for undertaking the risks of payment costs (in the
26 event of an unsuccessful outcome of this litigation) and a general release of all claims."
27 [Doc. No. 51, pp. 7, 28-29].

28

9

"Incentive awards are fairly typical in class action cases." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). "Such awards are discretionary and are intended to compensate class representatives for work done on behalf of the class [and] to make up for financial or reputational risk undertaken in bringing the action." *Dennis v. Kellogg Co.,* No. 09cv1786 L (WMC), 2013 WL 6055326, at *8 (S.D. Cal. Nov. 14, 2013). "The criteria the courts may consider in determining whether to make an incentive award include: (1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the lack representative; (4) the duration of the litigation; (5) the personal benefit (or lack thereof) enjoyed by the class representative as result of the litigation." *Id.*

In its prior Order, this Court found the payments to the lead plaintiffs to be fair and reasonable to compensate both individuals for their services in representing the class. [Doc. No. 60, p. 4 n.1]. The Court affirmed its prior findings at the final fairness hearing on November 1, 2017, and does so again here.

///
///
///
///
///
///
///
///
///
///
///
///
///

# CONCLUSION

In accordance with the findings above:

IT IS HEREBY ORDERED counsel for plaintiffs shall receive $31,250 in attorneys' fees, $4,000 enhancement payments are to be made to plaintiffs Maurice Jones and Leonel R. León, $11,888 is to be paid to the settlement administrator, Simpluris, Inc., and the remaining $74,780.46 is to be distributed among the Class Members. The settlement administrator shall distribute the settlement funds as specified in accordance with the Settlement Agreement and this Order.

IT IS FURTHER ORDERED, this Court fully adopts and incorporates the parties' Class Action Settlement Agreement, the terms defined therein, and all exhibits thereto. [Doc. No. 51]. The parties and Simpluris are to comply with all aspects of that Agreement.

IT IS FURTHER ORDERED final judgment in this matter be entered in accordance with the terms of the Class Action Settlement, but will retain jurisdiction for a period of one (1) year for purposes of interpreting, enforcing, and implementing that agreement during the period in which defendants must make, and Simpluris must disburse, payments.

IT IS SO ORDERED.

Dated: November 30 2017

Hon. Karen S. Crawford
United States Magistrate Judge